tNOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORRIS BROOKS, | : |
| Plaintiff, | : Civil Action No. 18-1522 (CCC) |
| v. | : **MEMORANDUM OPINION** |
| BROOKE M. BARNETT, ESQ., | : |
| Defendant. | : |

**CECCHI, District Judge.**

This matter has come before the Court on a civil rights Complaint filed by *pro se* Plaintiff Norris Brooks pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis*, (*see* ECF No. 7), the Court must screen the Complaint to determine whether the case shall be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The Court previously dismissed Plaintiff's initial Complaint, because it named a single defendant, Brooke M. Barnett, Esq., Plaintiff's counsel in a prior state criminal matter. (ECF No. 8 at 1.) The Court held that neither public defenders, nor private attorneys, are state actors liable under § 1983, because they are not persons acting under the color of law. (*Id.*) Plaintiff then submitted an Amended Complaint, again naming a single defendant, the State of New Jersey. (ECF No. 10 at 1.)

The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced

or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As such, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (holding that the *Ex parte Young* exception to Eleventh Amendment immunity is inapplicable to "the States or their agencies, which retain their immunity against all suits in federal court"). Civil rights claims under 42 U.S.C. § 1983 do not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979). As the State of New Jersey cannot be sued in federal court, the Amended Complaint must be dismissed without prejudice.

In the interest of justice, the Court will allow Plaintiff one last chance to perfect his pleading. Failure to do so will result in the dismissal of the case *with prejudice. See Velazquez v. Zickerfoose*, No. 11-2459, 2014 WL 6611058, at * 7 (D.N.J. Nov. 21, 2014) (dismissing with prejudice after having afforded plaintiff three opportunities to perfect pleading); *Donnelly v. Option One Mortg. Corp.*, No. 11-7019, 2014 WL 1266209, at *18 (D.N.J. Mar. 26, 2014) (same); *Thompson v. Keystone Human Servs. Corp.*, No. 09-2558, 2012 WL 398619, at *6 (M.D. Pa. Feb. 7, 2012) (denying leave to amend after three chances); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend).

Date: May 31, 2018

Claire C. Cecchi, U.S.D.J.